UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>      v.<br><br>374 High Street, Farmington, Maine;<br>249 Seamon Road, Farmington, Maine;<br>269 Seamon Road, Farmington, Maine;<br>247 Front Street, Farmington, Maine;<br>407 Wilton Road, Farmington, Maine;<br>497 Federal Row, Industry, Maine;<br>Map/Lot R2-28-005b, North Shore Drive, Industry, Maine;<br>105 Avon Valley Road, Avon, Maine;<br>5003 Twin Brook Road, Carrabassett Valley, Maine;<br>42 Village Woods Drive, Rangeley, Maine;<br>3155 Main Street, Rangeley, Maine; and<br>115 Knowlton Corner Road, Farmington, Maine, with all appurtenances and improvements thereon,<br><br>      Defendants *In Rem*. | No. 1:20-cv-00256-JDL |

**MOTION TO STAY**

    NOW COMES the United States, by and through its attorneys, Darcie N. McElwee, United States Attorney for the District of Maine, and Nicholas S. Heimbach, Assistant United States Attorney, and hereby moves to stay further proceedings in this civil forfeiture case pursuant to the provisions of 18 U.S.C. § 981(g)(1), and to extend all deadlines for an additional period of ninety (90) days through September 24, 2023. In support of this motion, the government represents the following:

    1.     Since about August 2018, the U.S. Drug Enforcement Administration, the Internal Revenue Service—Criminal Investigation, and their partner law enforcement agencies have been investigating a drug conspiracy led by Lucas Sirois centered around the illegal industrial cultivation and distribution of marijuana in and around the

1

Farmington, Maine area, and the subsequent laundering of the proceeds realized from the illegal cultivation and distribution.

2.  On July 21, 2020, the investigative team executed about 47 search and seizure warrants in connection with the investigation and seized over 5,000 marijuana plants, over 600 kilograms of processed marijuana, about $1 million from bank accounts, about $639,000 in cash, and 89 firearms including, but not limited to, the following from the defendant *in rem* properties set forth below:

| Address | Marijuana Plants | Marijuana (kilograms) | Cash |
|---|---|---|---|
| 374 High Street Farmington, ME | | 469 | $29,618 |
| 249 Seamon Rd., Farmington, ME | 119 | 10 | $46,400 |
| 269 Seamon Rd., Farmington, ME | 646 | | |
| 247 Front St., Farmington, ME | 399 | 16.5 | |
| 407 Wilton Rd., Farmington, ME | | .2 | $28,517 |
| 497 Federal Row, Industry, ME | 217 | 1.3 | |
| 105 Avon Valley Rd., Avon, ME | 1,189 | 25 | |
| 42 Village Woods Dr., Rangeley, ME | 320 | 2 | |
| 115 Knowlton Corner Rd., Farmington, ME | 44 | | |

3.  On July 22, 2020, the United States filed this civil forfeiture case seeking to enforce the provisions of: (1) 21 U.S.C. §§ 881(a)(6) and 881(a)(7) and 28 U.S.C. § 2461, which provide for the forfeiture of all proceeds of, and/or real property that facilitated, drug trafficking in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.; and (2) 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956 and 1957, or property traceable to such property.

4.  There is an ongoing criminal investigation and/or an ongoing criminal case arising out of the same facts and circumstances that gave rise to this civil forfeiture case. A grand jury returned a criminal indictment containing forfeiture allegations

listing the defendant *in rem* properties on November 9, 2021. *United States v. Sirois, et al.,* 1:21-cr-00175-LEW, Dkt. #149, First and Second Forfeiture Allegations. On September 9, 2022, defendant Lucas Sirois filed a motion to enjoin prosecution pursuant to the Rohrabacher-Farr Amendment. *Id.* at Dkt. #285. As part of that motion, a hearing was requested. *Id.* On September 9, 2022, the Court granted the motion for a hearing and stayed all other pretrial motions. *Id.* at Dkt. #286. Other defendants in the criminal matter joined in the motion to enjoin or filed motions to dismiss. *See, e.g., id.* at Dkt. #287, 288, 291, 292, 293, 298, 299, 301, 306, 307, 308. The hearing was set for April 11, 2023, through April 13, 2023. *Id.* at Dkt. #347. However, it was subsequently postponed to June 26, 2023. Dkt. #389, 396. No date has been set for trial in the criminal matter.

5. On October 16, 2020, January 3, 2021, April 2, 2021, June 25, 2021, October 1, 2021, December 27, 2021, March 31, 2022, June 23, 2022, September 27, 2022, December 23, 2022, and March 15, 2023, this Court entered orders staying this case and extending all deadlines. Dkt. #9, 12, 15, 18, 23, 45, 48, 52, 54, 57, 60. The most recent stay order entered on March 15, 2023 expires on June 26, 2023. Dkt. #60.

6. The government has conferred with attorneys representing the following claimants or potential claimants on the defendant *in rem* properties: William Maselli, Esq. (for Robert Sirois); Matt Libby, Esq. (for Peter Beane and Charles William); Ronald Bourget, Esq. (for Alisa Sirois); Robert Raftice, Esq. (for Sandy River Properties, LLC); Murdoch Walker II, Esq. (for Randal Cousineau); Thimi Mina, Esq. (for William Brey and Mary Archer-Brey); Ronald Cullenberg, Esq. (for Mary Sirois, Personal Representative of the Estate of Theodore Sirois); and Ryan Dumais, Esq. (for Franklin Savings Bank), and has confirmed that these claimants or potential claimants do not

3

object to the granting of this motion to stay.

7. The government has conferred with Daniel Cummings, Esq., who represents claimant Franklin-Somerset Federal Credit Union. Attorney Cummings confirmed that Franklin-Somerset Federal Credit Union does not object to the granting of this motion to stay, "with the continuing caveat that it may commence foreclosure on its mortgage in the event of a default."

8. The government has conferred with Timothy Parlatore, Esq., who represents potential claimants Lucas Sirois and Spruce Valley, LLC. Attorney Parlatore stated his position as follows: "No objection from me, with the understanding that once the District Court rules on the Rohrabacher motion, of in the Defendants' favor, this case will be immediately dismissed and all property returned."

9. The government is unaware of any other claimant or potential claimant who objects to the granting of this motion to stay.

**ARGUMENT**

**A.   Applicable Law**

18 U.S.C. § 981(g) provides in relevant part:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case. …
>
> (4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and

4

>circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

**B.    Discussion**

Here, the criminal investigation and case and the civil forfeiture case arise out of the same facts and circumstances and are clearly related. The criminal investigation and case are ongoing, and the parties, witnesses, facts, and circumstances involved in the proceedings are the same.

Civil discovery will adversely affect the ability of the Government to conduct the criminal investigation. See United States v. One Assortment of 73 Firearms, 352 F. Supp. 2d 2, 4 (D. Me. 2005) (government satisfies its burden by showing civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding"). This is particularly so where, as here, the evidence in both cases arises out of a single investigation. See id.; United States v. $278,780.80 in Funds Formerly on Deposit … in the name of Versacor, 2012 WL 4747209 (S.D.N.Y. Oct. 4, 2012) (granting a stay because the complete overlap between civil and criminal cases means that civil discovery is certain to adversely impact the criminal case). More importantly, pending resolution of the criminal investigation, claimants' Fifth Amendment rights against self-incrimination may prevent the government from deposing them in the civil forfeiture case, or may result in an adverse inference against them. See id.

## CONCLUSION

For the foregoing reasons, the government moves for a stay of the civil forfeiture case and an extension of all deadlines for a period of ninety (90) days through September 24, 2023, or until further order of the Court.

Dated: June 26, 2023

Respectfully submitted,

DARCIE N. MCELWEE
United States Attorney

BY: */s/ Nicholas Heimbach*
Nicholas S. Heimbach
Assistant U.S. Attorney
United States Attorney's Office
100 Middle Street
East Tower, 6th Floor
Portland, ME 04101
207-780-3257
Nicholas.heimbach@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 26, 2023, I caused the foregoing Motion to Stay to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to the individuals and entities who have entered appearances in this case pursuant to the Court's ECF system, including:

Daniel Cummings, Esq.
Ryan Dumais, Esq.
Alfred Frawley IV, Esq.
Ronald Bourget, Esq.
Ronald Cullenberg, Esq.

I will send, or cause to be sent, notification of such filing to the following by electronic mail:

Timothy Parlatore, Esq., timothy.parlatore@parlatorelawgroup.com
Mark Dion, Esq., dionmark@me.com
William Maselli, Esq., williammaselli55@gmail.com
Matt Libby, Esq., mlibby@mleahy.com
Robert Raftice, Esq., RRaftice@atrlaw.pro
Joshua Lowther, Esq., jlowther@lowtherwalker.com
Murdock Walker II, Esq., mwalker@lowtherwalker.com
Thimi Mina, Esq., tmina@lawmmc.com

                DARCIE N. MCELWEE
                United States Attorney

BY:   */s/ Nicholas Heimbach*
        Nicholas S. Heimbach
        Assistant United States Attorney
        United States Attorney's Office
        100 Middle Street
        East Tower, 6th Floor
        Portland, Maine 04101
        (207) 780-3257
        Nicholas.heimbach@usdoj.gov