# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>374 High Street, Farmington, Maine;<br>249 Seamon Road, Farmington, Maine;<br>269 Seamon Road, Farmington, Maine;<br>247 Front Street, Farmington, Maine;<br>407 Wilton Road, Farmington, Maine;<br>497 Federal Row, Industry, Maine;<br>Map/Lot R2-28-005b, North Shore Drive, Industry, Maine;<br>105 Avon Valley Road, Avon, Maine;<br>5003 Twin Brook Road, Carrabassett Valley, Maine;<br>42 Village Woods Drive, Rangeley, Maine;<br>3155 Main Street, Rangeley, Maine; and<br>115 Knowlton Corner Road, Farmington, Maine, with all appurtenances and improvements thereon,<br><br>             Defendants *In Rem*. | No. 1:20-cv-00256-LEW |

## MOTION TO STAY

NOW COMES the United States, by and through its attorneys, Darcie N. McElwee, United States Attorney for the District of Maine, and Nicholas S. Heimbach, Assistant United States Attorney, and hereby moves to stay further proceedings in this civil forfeiture case pursuant to the provisions of 18 U.S.C. § 981(g)(1), and to extend all deadlines for an additional period through April 15, 2025. In support of this motion, the government represents the following:

1.      Since about August 2018, the U.S. Drug Enforcement Administration, the Internal Revenue Service—Criminal Investigation, and their partner law enforcement agencies have been investigating a drug conspiracy led by Lucas Sirois centered around the illegal industrial cultivation and distribution of marijuana in and around the Farmington, Maine area, and the subsequent laundering of the proceeds realized from the illegal cultivation and

distribution.

2.      On July 21, 2020, the investigative team executed about 47 search and seizure warrants in connection with the investigation and seized over 5,000 marijuana plants, over 600 kilograms of processed marijuana, about $1 million from bank accounts, about $639,000 in cash, and 89 firearms including, but not limited to, the following from the defendant *in rem* properties set forth below:

| Address | Marijuana Plants | Marijuana (kilograms) | Cash |
|---|---|---|---|
| 374 High Street Farmington, ME | | 469 | $29,618 |
| 249 Seamon Rd., Farmington, ME | 119 | 10 | $46,400 |
| 269 Seamon Rd., Farmington, ME | 646 | | |
| 247 Front St., Farmington, ME | 399 | 16.5 | |
| 407 Wilton Rd., Farmington, ME | | .2 | $28,517 |
| 497 Federal Row, Industry, ME | 217 | 1.3 | |
| 105 Avon Valley Rd., Avon, ME | 1,189 | 25 | |
| 42 Village Woods Dr., Rangeley, ME | 320 | 2 | |
| 115 Knowlton Corner Rd., Farmington, ME | 44 | | |

3.      On July 22, 2020, the United States filed this civil forfeiture case seeking to enforce the provisions of: (1) 21 U.S.C. §§ 881(a)(6) and 881(a)(7) and 28 U.S.C. § 2461, which provide for the forfeiture of all proceeds of, and/or real property that facilitated, drug trafficking in violation of the Controlled Substances Act, 21 U.S.C. § 801, et seq.; and (2) 18 U.S.C. § 981(a)(1)(A), which provides for the forfeiture of any real or personal property involved in a money laundering transaction in violation of 18 U.S.C. §§ 1956 and 1957, or property traceable to such property.

4.      There is an ongoing criminal investigation and/or an ongoing criminal case arising out of the same facts and circumstances that gave rise to this civil forfeiture case. A grand jury returned a criminal indictment containing forfeiture allegations listing the defendant *in rem* properties on November 9, 2021. *United States v. Sirois, et al.,* 1:21-cr-00175-LEW, Dkt. #149, First and Second Forfeiture Allegations. On September 9, 2022, defendant Lucas Sirois filed a motion to enjoin prosecution pursuant to the Rohrabacher-Farr Amendment. *Id.* at Dkt.

#285. As part of that motion, a hearing was requested. *Id.* On September 9, 2022, the Court granted the motion for a hearing and stayed all other pretrial motions in the criminal matter. *Id.* at Dkt. #286. Other defendants in the criminal matter joined in the motion to enjoin or filed motions to dismiss. *See, e.g., id.* at Dkt. #287, 288, 291, 292, 293, 298, 299, 301, 306, 307, 308. The hearing was set for April 11, 2023, through April 13, 2023. *Id.* at Dkt. #347. However, it was subsequently postponed to June 26, 2023. *Id.* at Dkt. #389, 396. The hearing was held between June 26, 2023, and June 28, 2023. *Id.* at Dkt. #422, 423, 424. The Court denied the defendants' motions to enjoin prosecution. *Id.* at Dkt. #455. Defendants Lucas Sirois and Alisa Sirois subsequently filed interlocutory appeals of the Court's decision. *Id.* at Dkt. #456, 457. Oral arguments in the interlocutory appeals before the First Circuit were held in January 2024. On October 15, 2024, the First Circuit Court of Appeals affirmed the Court's denial of Lucas Sirois and Alisa Sirois' motion to enjoin prosecution. *Id.* at Dkt. #540, 541. The Court of Appeals' Corrected Mandate was entered on November 22, 2024. *Id.* at Dkt. #543. Currently, the trial is scheduled for April 2025. *Id.* at Dkt #552.

     5.     On October 16, 2020, January 3, 2021, April 2, 2021, June 25, 2021, October 1, 2021, December 27, 2021, March 31, 2022, June 23, 2022, September 27, 2022, December 23, 2022, March 15, 2023, June 26, 2023, September 26, 2023, December 22, 2023, March 22, 2024, June 17, 2024, and September 24, 2024, this Court entered orders staying this case and extending all deadlines. Dkt. #9, 12, 15, 18, 23, 45, 48, 52, 54, 57, 60, 63, 65, 67, 69, 74, and 76. The most recent stay order entered on September 24, 2024, expires on January 15, 2025. Dkt. #76.

     6.     The government has conferred with attorneys representing the following claimants or potential claimants on the defendant *in rem* properties: Eric Postow and Jason Ehrenberg (for Lucas Sirois); William Maselli, Esq. (for Robert Sirois); Matt Libby, Esq. (for Peter Beane and Charles William); Ronald Bourget, Esq. (for Alisa Sirois); Robert Raftice, Esq. (for Sandy River Properties, LLC); Murdoch Walker II, Esq. (for Randal Cousineau); Thimi

Mina, Esq. (for William Brey and Mary Archer-Brey); Ronald Cullenberg, Esq. (for Mary Sirois, Personal Representative of the Estate of Theodore Sirois); Daniel Cummings, Esq. (for Franklin-Somerset Federal Credit Union); and Kelsey Olesen, Esq. (for Franklin Savings Bank), and has confirmed that these claimants or potential claimants do not object to the granting of this motion to stay.

7. The government is unaware of any other claimant or potential claimant who objects to the granting of this motion to stay.

## ARGUMENT

**A.  Applicable Law**

18 U.S.C. § 981(g) provides in relevant part:

> (1) Upon the motion of the United States, the court shall stay the civil forfeiture proceeding if the court determines that civil discovery will adversely affect the ability of the Government to conduct a related criminal investigation or the prosecution of a related criminal case. …
>
> (4) In this subsection, the terms "related criminal case" and "related criminal investigation" mean an actual prosecution or investigation in progress at the time at which the request for the stay, or any subsequent motion to lift the stay is made. In determining whether a criminal case or investigation is "related" to a civil forfeiture proceeding, the court shall consider the degree of similarity between the parties, witnesses, facts, and circumstances involved in the two proceedings, without requiring an identity with respect to any one or more factors.

**B.  Discussion**

Here, the criminal investigation and case and the civil forfeiture case arise out of the same facts and circumstances and are clearly related. The criminal investigation and case are ongoing, and the parties, witnesses, facts, and circumstances involved in the proceedings are the same.

Civil discovery will adversely affect the ability of the Government to conduct the criminal investigation. See United States v. One Assortment of 73 Firearms, 352 F. Supp. 2d 2, 4 (D. Me.

4

2005) (government satisfies its burden by showing civil discovery will subject the criminal investigation "to early and broader civil discovery than would otherwise be possible in the context of the criminal proceeding"). This is particularly so where, as here, the evidence in both cases arises out of a single investigation. See id.; United States v. $278,780.80 in Funds Formerly on Deposit … in the name of Versacor, 2012 WL 4747209 (S.D.N.Y. Oct. 4, 2012) (granting a stay because the complete overlap between civil and criminal cases means that civil discovery is certain to adversely impact the criminal case). More importantly, pending resolution of the criminal investigation, claimants' Fifth Amendment rights against self-incrimination may prevent the government from deposing them in the civil forfeiture case, or may result in an adverse inference against them. See id.

## CONCLUSION

For the foregoing reasons, the government moves for a stay of the civil forfeiture case and an extension of all deadlines for an additional period through April 15, 2025, or until further order of the Court.

Dated:  January 13, 2025                                  Respectfully submitted,

                                                          DARCIE N. MCELWEE
                                                          United States Attorney

                                    BY:     /s/ Nicholas Heimbach
                                            Nicholas S. Heimbach
                                            Assistant U.S. Attorney
                                            United States Attorney's Office
                                            100 Middle Street
                                            East Tower, 6th Floor
                                            Portland, ME 04101
                                            207-780-3257
                                            Nicholas.heimbach@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 10, 2025, I caused the foregoing Motion to Stay to be electronically filed with the Clerk of Court using the CM/ECF system, which will send notice to the individuals and entities who have entered appearances in this case pursuant to the Court's ECF system, including:

Daniel Cummings, Esq.
Alfred Frawley IV, Esq.
Ronald Bourget, Esq.
Ronald Cullenberg, Esq.

I will send, or cause to be sent, notification of such filing to the following by electronic mail:

Eric Postow, Esq., EPostow@holonlaw.com
Mark Dion, Esq., dionmark@me.com
Jason Ehrenberg, Esq., jehrenberg@holonlaw.com
William Maselli, Esq., williammaselli55@gmail.com
Matt Libby, Esq., mlibby@mleahy.com
Robert Raftice, Esq., RRaftice@atrlaw.pro
Joshua Lowther, Esq., jlowther@lowtherwalker.com
Murdock Walker II, Esq., mwalker@lowtherwalker.com
Thimi Mina, Esq., tmina@lawmmc.com
Kelsey Oleson, Esq., KOlesen@eatonpeabody.com

DARCIE N. MCELWEE
United States Attorney

BY:   */s/ Nicholas Heimbach*
Nicholas S. Heimbach
Assistant United States Attorney
United States Attorney's Office
100 Middle Street
East Tower, 6th Floor
Portland, Maine 04101
(207) 780-3257
Nicholas.heimbach@usdoj.gov